No. 22980.

CENTRAL MORTGAGE & INVESTMENT COMPANY *v*. DONALD D. DOWNEY, DOING BUSINESS AS THREE D CONSTRUCTION COMPANY; THE TRAVELERS INDEMNITY COMPANY; LORRAINE A. DOWNEY; BENBOW HEATING & PLUMBING CO.; JOHN E. BOWMAN; MAYFIELD ENGINEERING CO.

(442 P.2d 427)

Decided June 10, 1968.     Rehearing denied July 22, 1968.

98

Phelps, Hall & Keller, Tullis, Laura and James, for plaintiff in error.

Morton McGinley, Horn, Anderson & Johnson, for defendants in error.

Moyers & Dunlap, for defendant in error, Benbow Heating & Plumbing Co.

*In Department.*

Opinion by Mr. Justice Hodges.

This writ of error stems from a controversy between Donald D. Downey, a general building contractor, and Central Mortgage and Investment Company, which contracted with Downey for the construction of an office building in Colorado Springs. The building was completed by Downey. When the time came for final payment, there was a dispute as to the balance which Downey claimed was due and owing on the contract; for extras as required by the final plans and specifications submitted to him subsequent to the contract and during the course of initial construction; and for extras

incorporated in the building on the basis of change orders.

This dispute was the basis of a complaint against Central filed by Downey in the trial court. It alleged that Central owed Downey a balance of $48,340, which arose in part from retainage and in part from "extras." In addition to praying for judgment against Central in this amount, the complaint also prayed that a filed contractor's lien against the property be decreed in favor of Downey and that the court order the property sold to satisfy this lien. In order to fully resolve all matters involved, materialmen and subcontractors who had filed mechanic's liens were made party defendants. Silver State Savings and Loan Association and the Public Trustee of El Paso County were also named as defendants; and as to these defendants, Downey requested that the lien of a trust deed in favor of Silver State be declared inferior to Downey's lien and the mechanic's liens of the other named defendants. Subsequently, other parties who had an interest in the controversy were added as defendants or third party defendants. A more detailed description of each of the issues and how they were resolved would unnecessarily prolong this opinion.

Numerous pleadings, including cross-claims and counterclaims were filed. Three pretrial conferences were held for the purpose, among other things, of delineating and clarifying the many interrelated issues and claims. Trial to the court consumed five days. Thereafter, the trial court made extensive and detailed findings of fact and conclusions of law on the various issues, and thereupon entered a series of judgments, dismissals, decrees, and orders resolving all the issues.

Judgment in the amount of $47,038.64 plus $7,055.80 interest was entered in favor of Downey and against Central. It was also ordered that the subject property be sold to satisfy Downey's contractor's lien for $54,094.44, which was declared superior to the trust deed lien of

Silver State. Downey's contractor's lien was also decreed to be partially for the use and benefit of two of the subcontractors who had mechanic's liens on the property. Personal judgments for the amounts of these liens were entered against Downey and to be satisfied from Downey's recovery of the amount of his judgment.

By its writ of error, Central in substance claims, that the trial court erred in its findings that the final plans and specifications were not part of the original building contract and not the product of a joint venture between Downey and the architect; that the trial court should have adjudged damages against Downey for failure to complete the building within the contract time; and that the court erred in finding Central liable to Downey for "extras." On one of the ancillary issues, Central contends the court erred by failing to award judgment for Central against Travelers Indemnity Company for the subcontractors' liens and for attorney fees in defending against these liens. We have minutely examined this record and have concluded that Central's claims of prejudicial error are without merit.

■■ With respect to each of the assignments of error, we find from this record that there is sufficient evidence to amply support the trial court's findings, judgments, dismissals, decrees, and orders. Nor do we find that the court misapplied any approved legal principles in its findings of fact and conclusions of law. Essentially, Central is contesting the findings as being adverse to its view of what the findings and disposition should have been. These findings and the trial court's disposition are the product of the trial court's appraisal of the weight and character of the evidence presented in support of and in opposition to the claims of the contending parties. When a trial court makes findings in conformance with the law under these circumstances and enters judgments based upon such findings which are supported by ample evidence, the trial court's disposition will not be disturbed by this court. This is so

elementary and well-known that the citation of authorities is deemed unnecessary.

Judgment affirmed.

MR. JUSTICE MCWILLIAMS and MR. JUSTICE KELLEY concur.